IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENT HOVIND,
    Plaintiff,

vs.                        Case No. 3:06cv61/MCR/MD

UNITED STATES OF AMERICA,
    Defendant.

ORDER and
**REPORT AND RECOMMENDATION**

    Plaintiff, appearing pro se, has filed a request for declaratory judgment pursuant to 28 U.S.C. § 2201 regarding his "taxpayer" status, and a motion for leave to proceed *in forma pauperis*. Plaintiff indicates in the latter motion that he has no income and no employer, as he is an evangelist and is a "dependent of the church," and has been so for 17 years. The court may take judicial notice of its own records, which reflect that plaintiff has been a party in 12 cases before this court since 1996, many of which also involved tax related disputes with the Internal Revenue Service, and in none of those cases did he file a motion for leave to so proceed. However, based on the court's finding that it does not have jurisdiction over this action, plaintiff's request to proceed *in forma pauperis* is moot.

    Plaintiff invokes this court's jurisdiction and pursues declaratory judgment under 28 U.S.C. § 2201(a) which provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986*, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States,

> upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).  Plaintiff seeks a declaratory judgment as to whether or not he is a "taxpayer" pursuant to 26 U.S.C. § 7701(a)(14), due to pending proceedings against him.  He states that he is being pursued "in his person and property" (although in his affidavit of financial status he claims to have no assets or property) by the Commissioner of Internal Revenue.  The plain language of the statute suggests that plaintiff's request is beyond the jurisdictional scope of the statute.  Furthermore, other district courts that have considered the issue have concurred. See, *Miller v. United States*, 969 F.Supp. 524 (S.D. Iowa, 1996) (Taxpayers' request for acknowledgment from court that they were "sovereigns" and exempt from federal taxation constituted request for declaratory judgment regarding their status as United States taxpayers, and thus, taxpayers' action was barred by § 2201); *O'Connor v. United States*, 669 F.Supp. 317 (D. Nev. 1987) (district court lacked jurisdiction to consider request for declaration concerning taxpayers' status), *aff'd* 935 F.2d 275 (9th Cir. 1991), *cert. denied* 502 U.S. 1104, 112 S.Ct. 1196, 117 L.Ed.2d 436, *rehearing denied* 503 U.S. 999, 112 S.Ct. 1709, 118 L.Ed. 416 (1992); *Wahpeton Professional Services, P.C. v. Kniskern*, 275 F.Supp. 806 (D.C.N.D. 1967) (court had no jurisdiction over declaratory judgment action that was actually an attempt to obtain an advance determination of the tax status of the plaintiffs).

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *Lovern*, 190 F.3d at 654 (citing *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction

does, in fact, exist. *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)).

Based on the language of the statute relied upon by the plaintiff and the cases cited above, this court does not have jurisdiction to enter the declaratory judgment sought by plaintiff. Therefore, this case should be dismissed.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is moot in light of the court's jurisdictional finding.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of February, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:06cv61/MCR/MD*